IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **11-cr-240-JLK**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**NANCY FLEMING,**

Defendant.

---

## ORDER

---

Kane, J.

The hearing on Defendant's supervised release violation was originally set for

August 24, 2011.  At that hearing, I ordered Defendant's supervised release revoked, and

sentenced Defendant to three years' incarceration on the violations before me.  On defense

counsel's objection for lack of notice of my intent to vary upward from the Probation

Department's recommended sentence, I CONTINUED the hearing to September 9, 2011.

I issue the instant Order (1) to notify counsel of my intentions with regard to the

September 9th hearing; and (2) to clarify that while this notice is *not* required under Fed. R.

Crim. P. 32(h), it is warranted so that the Defendant and the Government have an

"adequate opportunity to confront and debate the relevant issues." *Irizarry v. U.S.*, 553

U.S. 708, 710-16 (2008).

*Rule 32(h) extends only to non-Guideline sentences*

*imposed under the USSG framework.*

In *Irizarry v. United States*, 553 U.S. 708, 713-16 (2008), the Supreme Court

declined to extend the notice provisions of Rule 32(h) to "every sentence that is a variance

from the Federal Sentencing Guidelines range . . . ."  Because " '[d]eparture' is a term of

art under the Guidelines and refers only to non-Guidelines sentences imposed under the

framework set out in the Guidelines," the Court concluded that Rule 32(h), "by its terms,"

"does not apply to § 3553 variances." *Id.* at 714.  As the Supreme Court explained,

Congress enacted Rule 32(h) in response to its previous decision in *Burns v. United States*,

501 U.S. 129, 138-39 (1991), where the Court interpreted Rule 32 to require advance

notice of a district court's intention to depart upward based on a ground not identified in

the PSR or previously advocated by the Government.  *Burns*, however, came from an era

of mandatory Sentencing Guidelines which "prohibited district courts from disregarding

'the mechanical dictates of the Guidelines' except in narrowly defined circumstances."

*Irizarry*, 553 U.S. at 713(quoting *Burns*, 501 U.S. at 133).  The Court's subsequent

decision in *Booker* "invalidated the mandatory features of the Guidelines," and therefore

lessened whatever expectation a criminal defendant previously had in receiving a

"sentence within the presumptively applicable guideline range." *Id.* at 713-14 (citation

omitted).  "Now faced with advisory Guidelines, neither the Government nor the defendant

may place the same degree of reliance on the type of 'expectancy' that gave rise to a

special need for notice in *Burns*." *Id.*

Nevertheless, the Court in *Irizarry* recognized the problem of unfair surprise at

sentencing, but fashioned a pragmatic, rather than categorical, solution.  *See U.S. v. Redmond*, 388 Fed.Appx. 849, 855-856, 2010 WL 2881515, 7 (10th Cir. 2010)(providing a helpful, if unpublished, discussion of  *Irizarry*).

> Sound practice dictates that judges in all cases should make sure that the
> information provided to the parties in advance of the hearing, and in the
> hearing itself, has given them an adequate opportunity to confront and
> debate the relevant issues. We recognize that there will be some cases in
> which the factual basis for a particular sentence will come as a surprise to a
> defendant or the Government. The more appropriate response to such a
> problem is not to extend the reach of Rule 32(h)'s notice requirement
> categorically, but rather for a district judge to consider granting a
> continuance when a party has a legitimate basis for claiming that the surprise
> was prejudicial.

*Irizarry*, 553 U.S. at 715.  It is for this reason that the August 24, 2011 hearing was continued.

*Notice under Irizarry.*

As an initial matter, I notify both parties that I intend to revisit the sentence imposed at the August 24 hearing entirely and may vacate, alter, or amend the three-year sentence imposed.   Under *Irizarry*, I notify Defendant of my intent to vary upward from the sentence recommended by the Probation Department for a period of incarceration as long as 2-3 years under 18 U.S.C. § 3583(e).  I expect to hear from both sides on the issue. Counsel may submit written sentencing statements to the court by 4 p.m. Thursday, September 8, 2011, or proceed orally at the rescheduled hearing.

Dated August 30, 2011.                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE